# In the United States Court of Federal Claims

No. 12-275 C
(Filed July 6, 2012)

| | |
|---|---|
| THE DAVIS GROUP, INCORPORATED, | ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

    This order addresses Plaintiff's Amended Motion with its Appendix (ECF No. 11) which seeks a preliminary injunction in conjunction with Contract Disputes Act (CDA) claims it asserts as arising from a design-build contract plaintiff performed for the United States Army Corps of Engineers (USACE) at Hunter Army Airfield, Savannah, Georgia.

## Facts

    The contract involved in this litigation was awarded by the USACE in July 2008, and work was to be completed by February 2, 2010. (Compl. ¶ 6, ECF No. 1.) The USACE declared construction substantially complete as of August 20, 2010, and withheld substantial liquidated damages covering the period of plaintiff's asserted inexcusable completion delay. (Compl. ¶ 6, 9, ECF No. 1; Pl.'s Am. Mot. App., Tab 16, ECF No. 11-11.)

    During its performance of the design-build contract plaintiff submitted a certified monetary claim to the USACE's contracting officer seeking recovery of additional costs due to a design defect in the USACE's Preliminary Design Specification and Schematics. (Compl. ¶ 25, ECF No. 1.) Plaintiff also submitted a certified monetary claim for remission of the liquidated damages collected by the USACE. (Compl. ¶ 30, ECF No. 1.) The contracting officer issued decisions denying these claims. (Compl. ¶¶ 28, 31, ECF No. 1.) In the course of denying the certified claims, the contracting officer rated plaintiff's contract performance as "unsatisfactory," a rating that plaintiff pleads was encompassed in the contracting

officer's decisions denying plaintiff's monetary claims. (Compl. ¶¶ 9, 31, ECF No. 1.)

In compliance with 48 C.F.R. § 42.1503(c) the USACE entered this "unsatisfactory" rating in the Government's electronic Past Performance Information Retrieval System (PPIRS). This rating information is relevant for future source selection purposes. 48 C.F.R. § 42.1501. The past performance information in PPIRS is used by agencies, for construction contract purposes, for six years after its entry in the system. 48 C.F.R. § 42.1503(e).

Pursuant to 41 U.S.C. § 7104(b), in lieu of appealing the decisions of the USACE's Contracting Officer to an agency board, on May 2, 2012, plaintiff filed this action directly on the claims it had previously submitted to the USACE . A monetary judgment is sought covering the defective design specifications/schematics claim and the remission of collected liquidated damages claim. (Compl. 5-6, 38-39, (ECF No. 1.) A non-monetary judgment is sought with respect to the "unsatisfactory" performance rating. (*Id.*)

While plaintiff sets forth information that the "unsatisfactory" rating on the Hunter Army Airfield Contract, available in the PPIRS, has contributed to plaintiff's failure to obtain further contracts on which it bid, no protest directed to such a failure is asserted in this action pursuant to 28 U.S.C. § 1491(b). (Pl.'s Mot., App. 341-42, 348-51, 391-404, ECF No. 11.) Rather, plaintiff has filed the pending Amended Motion for a Preliminary Injunction (ECF No. 11) seeking to preclude the continuation of the unsatisfactory rating in the PPIRS until such time as a ruling is issued on its claims in this litigation. (Compl. ¶ 3, ECF No. 1; Pl.'s Mot. 17, ECF No. 11.) Defendant opposes plaintiff's injunction motion asserting that this court lacks the power to issue an injunction in the circumstances presented. (Def.'s Opp. 2, ECF No. 12.)

## **Discussion**

In *Todd Construction, L.P. v. United States*, 656 F.3d 1306 (Fed. Cir. 2011), it was determined that the Tucker Act, 28 U.S.C. § 1491 and the Contract Disputes Act (CDA), 41 U.S.C. § 7101 *et seq.*, provided the United States Court of Federal Claims with subject matter jurisdiction to resolve a claim that a contract performance evaluation, similar to the one involved herein, was unfair and inaccurate. However,

relevant to the exact matter at issue here, the trial court held that injunctive relief was not available. *Todd Constr., L.P. v. United States*, 88 Fed. Cl. 235, 243 (2009). As *Todd*, on appeal, did not object to this holding, the Circuit Court noted in its opinion that, "we need not decide whether an injunction was available pursuant to the Claims Court's 'power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.' 28 U.S.C. § 1491(a)(2)." 656 F.3d at 1311 n.3.

In this action we do need a decision as to the availability of an injunction concerning a contract performance evaluation that is encompassed within the subject of the pending CDA claims.

Upon an analysis of the briefs submitted by the parties and the statutory provisions involved, it is concluded that the *Todd* trial court was correct. Injunctive relief is not available.

In asserting that injunctive relief is available, plaintiff relies on the language in *Wilner v. United States*, 24 F.3d 1397, 1402 (Fed. Cir. 1994), that "once an action is brought following a contracting officer's decision, the parties start in court or before the board with a clean slate." This language is addressed to the *de novo* proceedings required in the court or board pursuant to 41 U.S.C. § 7104(b)(4). The CDA expressly permits a contract to contain a clause which requires the contractor to proceed with the performance of the contract in accordance with the contracting officer's decision pending "[f]inal decision of an appeal, action, or final settlement, …" 41 U.S.C. § 7103(g); *see* 48 C.F.R. §§ 33.213, 52.233-1. Such a clause is included in the USACE's contract with the Davis Group. (Pl.'s Mot., App. 193, ECF No. 11.) These provisions show that the "clean slate" language in *Wilner* is not addressing the continuing status of a contracting officer's decision during the pendency of the Court of Federal Claims direct action proceeding, but is simply explaining and applying the statutory requirement that the proceeding in court is *de novo* so there can be no reliance in the litigation on the contracting officer's decision. *Wilner*, 24 F.3d at 1401. This is in contrast to the pre-CDA rulings that accorded "admission" or "rebuttable presumption" status to a contracting officer's decision introduced in subsequent litigation. *See J. D. Hedin Constr. Co. v. United States*, 171 Ct. Cl. 70, 347 F.2d 235 (1965); *Vulcan Rail & Constr. Co. v. United States*, 158 Ct. Cl. 234 (1962). The "clean slate" language cited has no relevance to the injunction matter at issue.

For the court's authority to act on the Amended Motion for a Preliminary Injunction, plaintiff cites 28 U.S.C. § 1491(a)(2), "'[i]n any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.'" (Pl.'s Reply 5, ECF No. 13.) As noted previously, this is the provision also referenced in *Todd*, 656 F.3d at 1311 n.3.

However, remanding the "unsatisfactory" rating matter, now pending in this court as a direct action CDA claim, to the USACE would be ineffective. This is because the initiation of this litigation served to divest the contracting officer of any authority to act on the CDA matters while the litigation is pending. *Sharman Co. v. United States*, 2 F.3d 1564, 1571 (Fed. Cir. 1993), *overruled on other grounds*; *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995); *Northrop Grumman Computing Sys., Inc. v. United States*, 101 Fed. Cl. 362, 263-64 (2011).

Finally, in the absence of express statutory authority for the Court of Federal Claims to issue injunctions in this circumstance, it is concluded that the court lacks the power to proceed further on plaintiff's motion as the equitable relief sought is unavailable. *BLR Grp. of Am. v. United States*, 84 Fed. Cl. 634, 647 (2008); *Todd Constr.* at 243 (2009).

In this circumstance it is **ORDERED** that Plaintiff's Amended Motion for a Preliminary Injunction (ECF No. 11) is **DENIED**.

                                              s/ James F. Merow
                                              James F. Merow
                                              Senior Judge